UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID YANOFSKY, | |
| PLAINTIFF, | |
| v. | CIV. A. NO. 19-2290 (KBJ) |
| U.S. DEPARTMENT OF COMMERCE, | |
| DEFENDANT. | |

**DEFENDANT'S STATEMENT OF
MATERIAL FACTS NOT IN GENUINE DISPUTE**

Pursuant to Local Civil Rule 7(h), the Department of Commerce ("DOC" or "the Department" or "Defendant"), on behalf of its component the International Trade Administration ("ITA"), through undersigned counsel, respectfully submit this Statement of Material Facts Not in Genuine Dispute in support of Defendant's Renewed Motion for Summary Judgment.

**PLAINTIFF'S FOIA REQUEST AND DEFENDANT'S RESPONSE**

1. On or about February 28, 2016, Plaintiff sent a Freedom of Information Act ("FOIA") request to the Department seeking records derived from I-92 and I-94 Data ("FOIA Request"). Specifically, the FOIA request sought:

   > access to and copies of OTTI's "Air Arrivals I-94 Annual Datafile" from 2015, 2014, 2013, 2012 and 2011 and its associated technical documentation [and] . . . access to and copies of OTTI's "U.S. International Air Travel Statistics Report (APIS/I-92) Data Files" for 2015, 2014, 2013, 2012 and 2011 and its associated technical documentation.

   Def's Ex. E at 2 (FOIA Request).

2. By "OTTI", the FOIA Request was apparently referring to the National Travel and Tourism Office ("NTTO"), which was called the Office of Travel and Tourism Industries

1

> prior to 2004, and which is part of the Department's International Trade Administration ("ITA").  *Def's Ex. A - Declaration of Isabel Hill ("1st Hill Decl.")* ¶ 21 n8.

3. The FOIA Request did not specify that Plaintiff was seeking anonymized, non-aggregated I-92 Data and I-94 Data.  *See Def's Ex. E (FOIA Request)*.

4. On June 5, 2018, after resolution of litigation regarding the assessment of fees in connection with the processing of the FOIA Request, *see Yanofsky v. Department of Commerce*, 306 F. Supp. 3d 292 (D.D.C. 2018), NTTO produced to Plaintiff two zip files: one titled "I-92 zip," which contained 35 Excel spreadsheets of I-92 Data and one titled "I-94 zip," which contained five Excel spreadsheets of I-94 Data.  *1st Hill Decl.* ¶¶ 27-30; *Def's Ex. B – Third Declaration of Isabel Hill ("3d Hill Decl.")* ¶¶ 5, 9.

## I-92 DATA

5. The U.S. Department of Homeland Security's U.S. Customs and Border Patrol ("CBP") provides I-92 Data directly to the ITA's Office of the Chief Information Officer ("OCIO") through a secure transmittal process as part of the U.S. International Air Travel Statistics Program.  *Def's Ex. C – Declaration of Jeffery Hall ("J. Hall Decl.")* ¶ 4.

6. OCIO converts the raw data received from CBP into a format that can be used by the National Travel and Tourism Office and stores it in a database, but it does not make any changes to the data itself.  *J. Hall Decl.* ¶¶ 7-9.

7. The I-92 Data stored in OCIO's database is identical to the original data supplied by CBP.  *J. Hall Decl.* ¶ 7.

8. After receiving converted I-92 Data from the OCIO, the National Travel and Tourism Office uses the I-92 Data to create tables of information, including "Standardized Reports" known as the *U.S. International Air Travel Statistics Report* and custom data

9.     files for clients that have paid the National Travel and Tourism Office to prepare a data file in a manner specified by that client. *J. Hall Decl. ¶¶ 12-13; 1st Hill Decl. ¶ 11.*

9. Each of the 35 Excel files of I-92 Data produced to Plaintiff in June 2018 is a Standardized Report (i.e., a *U.S. International Air Travel Statistics Report*), with each year of I-92 Data consisting seven Excel spreadsheets for each of the five years of data requested by the FOIA Request (i.e., 2011-2015). *3d Hill Decl. ¶ 5; J. Hall Decl. ¶ 12.*

10. The 35 Excel files of I-92 Data produced to Plaintiff contain cumulative information throughout each year, and no other Standardized Reports were created which contain additional information obtained from the database. *J. Hall Decl. ¶ 12; 1st Hill Decl. ¶ 30.*

11. The creation of Excel files or other reports containing I-92 Data does not result in the creation of new databases nor does it alter any of the raw data contained in OCIO's database. *J. Hall Decl. ¶¶ 9-10*

12. Other than the database containing raw I-92 Data furnished by CBP, the Department does not possess any other database with I-92 Data. *J. Hall Dec. ¶¶ 9-10; 3d Hill Decl. ¶¶ 6-7.*

13. Neither OCIO, NTTO, ITA, nor DOC possess a database of I-92 Data which contains anonymized information, or which contains any information other than the raw I-92 Data owned and provided by CBP. *J. Hall Dec. ¶¶ 9-10; 3d Hill Decl. ¶ 15.*

14. The I-92 Data that CBP sends to ITA is owned by CBP. *J. Hall Dec. ¶ 11.*

## I-94 DATA

15. CBP securely transmits I-94 Data records directly to ITA's National Travel and Tourism Office's contractor CIC Research, Inc ("CIC Research"). *1st Hill Decl. ¶ 15.*

16. CIC Research performs some data integrity checks on the raw data supplied by CBP, which results in removing duplicate records from the database. *Def's Ex. D – Declaration of Warren Hull ("W. Hull Decl.") ¶¶ 6-9.*

17. Other than removing duplicates, the raw I-94 Data provided by CBP are never deleted or modified and CIC Research does not anonymize the data within its database. *W. Hull Decl. ¶¶ 7-9.*

18. All the visitor arrival records (raw I-94 Data) in the CIC Research's database are obtained solely from CBP. *W. Hull Decl. ¶ 9.*

19. CIC Research prepares "output files" – i.e., summarized, anonymized information produced in PDF and Excel format – from the raw data in its database for the National Travel and Tourism Office. *W. Hull Decl. ¶ 10.*

20. Each output file that CIC Research prepares is known as a Standardized Report and is titled *Summary of International Travel to the United States*. *W. Hull Decl. ¶ 11; 1st Hill Decl. ¶ 16.*

21. The five Excel output files of I-94 Data produced to Plaintiff in June 2018 are the Standardized Reports known as *Summary of International Travel to the United States* reports for 2011-2015. *3d Hill Decl. ¶ 9; W. Hull Decl. ¶ 19.*

22. The five Excel output files of I-94 Data produced to Plaintiff are a complete set of the cumulative datafiles containing anonymized data that have been created from the database maintained for the National Travel and Tourism Office for the Visitor Arrivals Program. *W. Hull Decl. ¶ 19.*

23. The output files of I-94 Data prepared by CIC Research are not databases. *W. Hull Decl. ¶ 12.*

24. The aggregated and anonymized information calculated for output files are not stored separately in another database, i.e., no new or separate database is created during or after the process of aggregating and anonymizing the raw I-94 Data to prepare output files.  *W. Hull Decl. ¶¶ 11-13; 3d Hill Decl. ¶ 15.*

25. The creation of an output file does not modify the raw data in the database in any way, either by creation, deletion, or modification of any records.  *W. Hull Decl. ¶ 11.*

26. The raw I-94 Data is owned by CBP.  *1st Hill Decl. ¶ 17.*

27. Neither CIC Research, ITA, nor the National Travel and Tourism Office possess a database of anonymized, non-aggregated I-94 Data, because no such database was ever created under the Visitor Arrivals Program.  *W. Hull Decl. ¶ 18; 3d Hill Decl. 15.*

Dated: December 8, 2020

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
D.C. Bar # 924092
Chief, Civil Division

By:  /s/ *April Denise Seabrook*
APRIL DENISE SEABROOK
D.C. Bar # 993730
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2525
April.Seabrook@usdoj.gov

*COUNSEL FOR DEFENDANT*