# Exhibit E

# QUARTZ

Marisa Johnson
Senior Counsel
The Atlantic Monthly Group, Inc.
600 New Hampshire Ave., NW
Washington, D.C. 20037
mjohnson@atlanticmedia.com

February 26, 2016

VIA EMAIL

Dear FOIA Officer,

I am writing as counsel to The Atlantic Monthly Group, Inc. and its publication Quartz (qz.com) on behalf of David Yanofsky, a journalist employed by Quartz.  Please consider this letter a new request for records on behalf of Mr. Yanofsky under the federal Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

As you may know, the Department of Commerce ("DOC") previously denied a FOIA request filed by Mr. Yanofsky in March 2015.  In response to Mr. Yanofsky's prior FOIA request, the DOC asserted that the requested records were withheld under FOIA's "displacement provision," 5 U.S.C. § 552(a)(4)(A)(vi), and that the records Mr. Yanofsky sought could be obtained only pursuant to 15 U.S.C. § 1525, which operates as a superseding fee statute.  Mr. Yanofsky administratively appealed the denial of his previous request, and his appeal was denied.

As discussed in more detail herein, and as I have outlined in prior correspondence, the DOC's position is erroneous.  Mr. Yanofsky is entitled to obtain the records he has requested under FOIA, and he is entitled to a fee benefit as a representative of the news media, as well as a fee waiver.  In an attempt to avoid unnecessary litigation over this matter, and to give the DOC an opportunity to revisit its incorrect position, Mr. Yanofsky is now submitting this new and updated FOIA request for access to and copies of the Office of Travel Tourism Industries' ("OTTI") "Air Arrivals I-94 Annual Datafile" and OTTI's "U.S. International Air Travel Statistics Report (APIS/I-92) Data Files" and their associated technical documentation.  In responding to this request, the DOC should consider the arguments made in support of Mr. Yanofsky's prior request that it previously declined to consider, as well as the additional information provided below, that show that Mr. Yanofsky is entitled to the requested records, to a fee benefit as a representative of the news media, and to a fee waiver.

Background

Mr. Yanofsky previously filed a FOIA request on March 10, 2015, for access to and copies of OTTI's "Air Arrivals I-94 Database Annual Datafile" and its associated technical documentation and OTTI's "U.S. International Air Travel Statistics Report (APIS/I-92) Data files" and its associated technical documentation from 2014, 2013, 2012 and 2011.  A true and correct copy of that request is attached hereto as Attachment A.  The International Trade Administration ("ITA") denied the request.  A true and correct copy of that denial is attached hereto as Attachment B.

Mr. Yanofsky filed an administrative appeal of the denial of the request, a true and correct copy of which is attached hereto as Attachment C. The DOC denied that administrative appeal on November 17, 2015. A true and correct copy of that denial is attached hereto as Attachment D. In denying Mr. Yanofsky's administrative appeal, the DOC raised new legal issues not included in the ITA's initial denial of the request.

On December 14, 2015, I sent a letter on Mr. Yanofsky's behalf asking the DOC to reopen the administrative appeal. A true and correct copy of that letter is attached hereto as Attachment E. Among other things, that letter responded to the DOC's new purported grounds for denying the request that the DOC had raised for the first time in its November 17 denial of Mr. Yanofsky's administrative appeal, which Mr. Yanofsky had not previously had a chance to address. In response, the DOC declined to reopen the administrative appeal or consider the arguments in my letter. By letter dated December 28, 2015, a true and correct copy of which is attached hereto as Attachment F, the DOC stated that the November 17, 2015 denial of Mr. Yanofsky's administrative appeal constituted the agency's final administrative action on the matter.

FOIA Request

I now write on Mr. Yanofsky's behalf to resubmit his March 10, 2015 FOIA request, attached hereto as Attachment A, and to update that request to include records from 2015. Accordingly, you should consider this letter to be a new FOIA request by Mr. Yanofsky for the following records:

Mr. Yanofsky requests access to and copies of OTTI's "Air Arrivals I-94 Annual Datafile" from 2015, 2014, 2013, 2012 and 2011 and its associated technical documentation. Mr. Yanofsky also requests access to and copies of OTTI's "U.S. International Air Travel Statistics Report (APIS/I-92) Data Files" for 2015, 2014, 2013, 2012 and 2011 and its associated technical documentation. Mr. Yanofsky would like to receive the requested records in electronic format.

Request for a Fee Benefit

In connection with his request, Mr. Yanofsky requests a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A)(ii). Mr. Yanofsky, a journalist for Quartz, is a member of the news media. Mr. Yanofsky intends to use the requested records to gather information of potential interest to the public, namely, information about the operations of the DOC and other government agencies and about travel and tourism in the United States. Mr. Yanofsky will use his editorial skills to turn the requested records into a distinct work and will distribute that work to the readers of Quartz via its website, qz.com.

For these reasons, Mr. Yanofsky is entitled to a fee benefit as a representative of the news media and fees for his request shall be limited to a reasonable standard charge for document duplication. If you anticipate the duplication fees will exceed $25.00, please contact me in advance of incurring the charges.

Request for a Fee Waiver

In addition, Mr. Yanofsky requests a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).  Mr. Yanofsky is entitled to a fee waiver because the disclosure of the requested records (1) sheds light on the operations or activities of the government; (2) is likely to contribute significantly to the public understanding of those operations or activities; and (3) is not primarily in the commercial interest of the requester.  *See id.*; *Cause of Action v. Federal Trade Commission*, 799 F.3d 1108, 1115 (D.C. Cir. 2015).

The requested records shed light on the operations and activities of the DOC and other government agencies.  Specifically, the requested records will provide:

- evidence of the information that the federal government collects from about foreign visitors to the United States, the information the federal government collects about air traffic to and from the United States, and the government's efficacy in collecting this information;
- information about how OTTI fulfills its mission to collect and disseminate travel and tourism information under the U.S. International Air Travel Statistics (I-92 data) Program and the Visitor Arrivals Program (I-94), which will allow the public to assess the efficacy of OTTI and its expenditure of funding allocated to it;
- official and up-to-date data on foreign travel to and from the United States, which will allow the public to test and evaluate the accuracy of official DOC and other government statistics on travel that are calculated using this data; and
- insight into the data that policy makers use to make decisions, such as visa allocation and levels of infrastructure investment at ports and border crossings.

The requested records are likely to contribute significantly to the public's understanding of the operations of the DOC and other government agencies because they provide the only source of data collected about foreign travel and tourism based on Form I-94 and Advanced Passenger Information System (APIS) arrival/departure records, formerly known as I-92 arrival/departure records.

Finally, the records are not requested primarily for the commercial benefit of Mr. Yanofsky.  Rather, Mr. Yanofsky, a representative of the news media, intends to use the requested records to report and write news stories for Quartz about the operations of the DOC and other government agencies, as well as the impact of travel and tourism on the United States.

For these reasons, and those stated in the attached request, administrative appeal, and correspondence concerning Mr. Yanofsky's March 10, 2015 FOIA request, Mr. Yanofsky is entitled to a fee waiver.

Arguments Raised in December 14, 2015 Letter

Based on the DOC's denial of Mr. Yanofsky's previous request and its denial of his administrative appeal, we understand that it is the DOC's position that the requested records are not available pursuant to FOIA and are available only pursuant to 5 U.S.C. § 1525.  It is also our

understanding that, based on this position, the DOC is of the view that Mr. Yanofsky is not entitled to a fee benefit or a fee waiver.  As a result, Mr. Yanofsky would be required to pay the fees listed on the OTTI website in order to obtain the requested records.[1]  By our calculations, these fees would total $173,775.00 for this request, which includes records from 2015.

For the reasons stated in my December 14, 2015 letter, we believe this position is incorrect as a matter of law.  Mr. Yanofsky is entitled to the requested records under FOIA, in addition to a fee benefit and fee waiver.  In the event that the DOC plans to again assert this erroneous legal position as a basis for denying Mr. Yanofsky's new request, we ask that you consider the arguments raised in my December 14, 2015 letter, attached hereto as Attachment E.

In submitting this new request, we hope that the DOC will revisit and reverse its incorrect legal position, which has deeply troubling ramifications for members of the news media who seek access to agency records under FOIA for the purpose of keeping the public informed about government conduct.  We hope that by providing the DOC with the opportunity to take a fresh look at these issues, we can avoid unnecessary litigation.  We look forward to your reply to Mr. Yanofsky's request within 20 business days, as required by FOIA.  5 U.S.C. § 552(a)(6)(A)(i).

Sincerely,

Marisa Johnson

Enc.
cc:     David Yanofsky
        Katie Townsend, Litigation Director, Reporters Committee for Freedom of the Press

---

[1] *See* http://travel.trade.gov/research/reports/i92/index.html (Price for 2015 I-92 Data File); http://travel.trade.gov/research/reports/i92/historical/index.html (Price for historical I-92 Data Files); http://travel.trade.gov/research/reports/i94/index.html (Price for 2015 I-94 Data File); http://travel.trade.gov/research/reports/i94/historical/index.html (Price for historical I-94 Data Files).

# ATTACHMENT A

David M Yanofsky
613 Foothill Road
Beverly Hills, CA 90210
617.383.9266
dyanofsky@qz.com

**March 10, 2015**

Freedom of Information Officer
202.482.7937
FOIA@trade.gov

International Trade Administration
Room 4001
14th and Constitution Avenue, N.W.
Washington, D.C. 20230

**FOIA REQUEST**

**Fee benefit requested**

**Fee waiver requested**

Dear FOIA Officer:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. § 552, I request access to and copies of the Office of Travel & Tourism Industries' "Air Arrivals I-94 Database Annual Datafile" from 2014, 2013, 2012, and 2011 and its associated technical documentation. I also request access to and copies of the Office of Travel & Tourism Industries' "U.S. International Air Travel Statistics Report (APIS/I-92) Data files" from 2014, 2013, 2012, and 2011 and its associated technical documentation. I would like to receive the information in electronic format.

As a representative of the news media I am only required to pay for the direct cost of duplication after the first 100 pages. Through this request, I am gathering information on the manner in which tourism and travel affect the US economy a matter that is of current interest to the public. This information is being sought on behalf of *Quartz,* an Atlantic Media publication, for dissemination to the general public.

Please waive any applicable fees. Release of the information is in the public interest because it will contribute significantly to public understanding of a significant driver of the US economy.

If my request is denied in whole or part, I ask that you justify all deletions by reference to specific exemptions of the act. I will also expect you to release all segregable portions of otherwise exempt material. I, of course, reserve the right to appeal your decision to withhold any information or to deny a waiver of fees.

As I am making this request as a journalist and this information is of timely value, I would appreciate your communicating with me by telephone or email, rather than by mail, if you have questions regarding this request.

I look forward to your reply within 20 business days, as the statute requires.

Thank you for your assistance.

Sincerely,

David M Yanofsky

# ATTACHMENT B



**UNITED STATES DEPARTMENT OF COMMERCE**
**International Trade Administration**
Washington, D.C. 20230

**SENT BY CERTIFIED MAIL – RETURN RECIEPT REQUESTED**


June 24, 2015


Mr. David M. Yanofsky
*Quartz*
613 Foothill Road
Beverly Hills, California  90210


RE:  DOC-ITA-2014-001055


Dear Mr. Yanofsky:

This letter is in response to your Freedom of Information Act (FOIA) request dated March 10, 2015, which was addressed to the U.S. Department of Commerce (Department), International Trade Administration (ITA).  On behalf of *Quartz*, you sought "copies of the Office of Travel & Tourism Industries' 'Air Arrivals I-94 Database Annual Datafile' from 2014, 2013, 2012, and 2011 and its associated technical documentation."  You also requested "copies of the Office of Travel & Tourism Industries' 'U.S. International Air Travel Statistics Report (APIS/I-92) Data files' from 2014, 2013, 2012, and 2011 and its associated technical documentation."

After consulting with our subject matter experts within ITA about the Air Arrivals I-94 Database, it has been determined that ITA does not maintain the records you requested.  Under 15 C.F.R. § 4.3(b), ITA is not required to create or compile a record to satisfy a FOIA request.  The FOIA applies only to records in the agency's possession and control at the time the agency begins its search for responsive records.  The records that you seek are maintained by CIC Research, Inc.  You may contact them by phone at (858) 637-4000, by fax at (858) 637-4040, or by mail at the following address:

> CIC Research, Inc.
> 8361 Vickers Street
> San Diego, California  92111-2112

As for the Air Arrivals I-92 Database, that information originates with the Department of Homeland Security, Customs and Border Protection (CBP).  CBP obtains the information through their Advance Passenger Information System of records and sends the raw data to ITA to develop the reports that ITA promptly publishes and offers for sale.  Under the FOIA, records which are published and offered for sale are excluded from the definition of subsection 5 U.S.C. § 552(a)(2) records and need not be proactively disclosed even if doing so would otherwise be required.



INTERNATIONAL
**T R A D E**
ADMINISTRATION

However, ITA's National Travel and Tourism Office (NTTO) can help you obtain the records you seek.  Enclosed with this letter is a form that will allow you to obtain these records through NTTO.  Should you have any questions about the form, you may contact NTTO at ntto@trade.gov or by calling 202-482-0140.

In accordance with 15 C.F.R. §§ 4.10(a) and (b), you have the right to appeal this determination within 30 calendar days from the date of this letter.  The Department deems appeals arriving after normal business hours (8:30 a.m. to 5:00 p.m., Eastern Time, Monday through Friday) as received on the next normal business day.  The appeal must include a copy of the original request, this response, and a statement of the reasons why you consider the Department made this determination in error.  Please mail written appeals to the below address:

> Assistant General Counsel for Administration
> U.S. Department of Commerce
> 1401 Constitution Avenue, N.W.
> Room 5898-C
> Washington, D.C.  20230

You may send an appeal via facsimile to (202) 482-2552, by e-mail to FOIAAppeals@doc.gov, or through FOIAonline at https://foiaonline.regulations.gov, if you have a FOIAonline account. Clearly mark "Freedom of Information Act Appeal" on the facsimile cover sheet, in the e-mail subject line, or on both the appeal letter and envelope.  The Department does not provide an opportunity for personal appearance, oral argument, or hearing of an appeal.

Thank you for your interest in the ITA.  Should you have any questions regarding this response, please contact me at (202) 482-7937 or at foia@trade.gov.

> Sincerely,
>
> Justin Guz
> FOIA Officer
> International Trade Administration

Enclosure

2

## National Travel and Tourism Office (NTTO) - Order Form

You may fax your completed form to NTTO at (202) 482-2887.

Items marked with an "*" required

| *Year of Pub. | *Publication Description | *Quantity | *Unit Price | *Total |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Grand Total $:**

**Mailing Information:**

*First Name: [                    ]   *Last Name: [                    ]

Company: [                    ]

*Address [                    ]
       (Please include mailstop or room number if applicable)
[                    ]

*City: [            ]   *State: [        ]   *Zip/Postal Code: [        ]

*Country: [                    ]

**Contact Information**

*Contact Telephone: [            ]   Contact Fax: [            ]

Contact E-Mail: [                    ]
Please provide if you require us to email information.

**Billing Options:  Please check the appropriate box for billing options**

☐ Please invoice me, see below.

☐ I would like to pay using a credit card, I will call the (202) 482-0140 number after I have faxed this form and a few minutes have passed so the fax may be received and logged in.

☐ I would like to pay using a credit card, please call me.

**Billing Information**

If you choose to be invoiced (payment by check), reports will be shipped within three business days upon receipt of check. Please make checks payable to the: **U.S. Department of Commerce.**  Send your check to NTTO with a copy of this order form.

Mail payments to:  International Trade Administration, National Travel and Tourism Office (NTTO), 1401 Constitution Avenue, N.W., Room 10003, Washington, DC 20230

If you choose to pay by credit card, reports will be sent to within 3 business days upon confirmation of your credit card. Our office accepts the following credit cards:  Visa, MasterCard, Discover and American Express.  Please contact our office at 202-482-0140 to pay via credit card.  Our office accepts electronic payment for some data, please contact our office regarding it.

If you have any questions on this order form or on orders, please contact our office by e-mailing us at: ntto@trade.gov   or call us at (202) 482-0140.

# ATTACHMENT C

David M Yanofsky
613 Foothill Road
Beverly Hills, CA 90210
617.383.9266
dyanofsky@qz.com

**July 2, 2015**

**Submitted via email**

Office of the Assistant General
Counsel for Administration
202.482.3151
FOIAAppeals@doc.gov

US Department of Commerce
Room 5898-C
14th and Constitution Avenue, N.W.
Washington, DC 20230

cc Justin Guz, justin.guz@trade.gov

**Freedom of Information Act Appeal**

Dear Administrator:

This is an appeal under the Freedom of Information Act, 5 U.S.C. §552, regarding request number DOC-ITA-2015-001055.

On March 10, 2105, I requested access to and copies of documents from the International Trade Administration (ITA) under the Freedom of Information Act. My request was for the following electronic documents from the Office of Travel & Tourism Industries (OTTI, a division of the ITA):

1. "Air Arrivals I-94 Database Annual Datafile" from 2014, 2013, 2012, and 2011 and its associated technical documentation (the "I-94 Documents"); and
2. "U.S. International Air Travel Statistics Report (APIS/I-92) Data files" from 2014, 2013, 2012, and 2011 and its associated technical documentation (the "I-92 Documents").

I also requested a fee waiver on the grounds that I am a representative of the news media, in particular *Quartz*, an Atlantic Media publication, and release of this information is in the public interest as it will contribute to the public understanding of a significant driver of the U.S. economy.

On June 24, 2015, I received a response in a letter signed by Mr. Justin Guz of the International Trade Administration, denying my request on the following grounds:

1. With regard to the I-94 Documents, the ITA does not maintain the records; and
2. With regard to the I-92 Documents, since the ITA proactively provides the information for sale, it is not required to produce it under FOIA.

Both of these arguments are invalid, and I hereby appeal the denial of my request. Copies of my original FOIA request and the ITA's denial are enclosed.

Below are facts supporting the release of the I-94 Documents, the I-92 Documents and the need for a fee waiver.

**THE ITA HAS ADMITTED IT MAINTAINS THE I-94**
**DOCUMENTS AND IT HAS IDENTIFIED NO EXEMPTION**
**THAT COULD JUSTIFY WITHHOLDING THEM**

In its reply the ITA has indicated that it does "not maintain" the I-94 Documents but rather that they are maintained by a private company, CIC Research, Inc. The ITA reply also indicates that it is "not required to create or compile a record to satisfy a FOIA request." These statements are blatantly false and misleading.

The information I requested is compiled and kept in the possession and control of the National Travel and Tourism Office (NTTO), a division of the OTTI which functions as the U.S. federal tourism office. According to its own website[1], "a core responsibility [of the NTTO] is to collect, analyze, and disseminate international travel and tourism statistics for the U.S. Travel and Tourism Statistical System. As a result NTTO is charged with managing, improving, and expanding the system to fully account and report the impact of travel and tourism in the United States." As the I-94 Documents are part of the travel and tourism statistical system, the NTTO must be managing and thus integrating them into the agency's record system, regardless of the role CIC Research may play in assisting the ITA.

To further clarify this point, in response to the denial letter, on June 30, 2015 I called the NTTO and spoke to Richard Champley a Sr. Research Analyst at the OTTI. When I asked Mr. Champley how quickly the NTTO can send out the I-94 data, he told me they could do it in "about a day." When I asked if the NTTO sends it from its Washington Office he said "yes." He added that the NTTO could email the records too. Mr. Champley made no reference to CIC Research. Thus, the ITA's letter makes no sense under the circumstances and in any event is not an exemption under FOIA.

The ITA has provided no basis – and I am not aware of any – to claim that the I-94 Documents are not in the possession, custody, or control of the agency or that they are exempt from disclosure under FOIA.

Perhaps not surprisingly, the ITA did not include in its denial any reference to the fact that it compiles and offers for sale the I-94 Documents on its own website[2] for a fee. The mere existence of the data I am requesting on the NTTO's website belies their assertion that they do not maintain the I-94 Documents. The ITA clearly would not have to create or compile any records simply to satisfy this FOIA request. However, for the reasons set forth below regarding the release of the I-92 Documents, merely making them available for general sale does not satisfy the agency's FOIA requirements.

**SECTION 552(a)(2) IS NOT APPLICABLE TO THE I-92 DOCUMENTS AS MERELY OFFERING THEM FOR SALE DOES NOT CONSTITUTE SATISFYING A REQUEST FOR RECORDS**

The ITA seeks to absolve itself of the responsibility to release the I-92 Documents under FOIA by claiming that, since it publishes and offers them for sale, the documents are "excluded from the definition of subsection 5 U.S.C. §552(a)(2) records and need not be proactively disclosed even if doing so would otherwise be required."

While it is true that the I-92 Documents are provided for sale on its website[3], the ITA both misreads the statute and arrives at an illogical conclusion.

The statute reads:

> (2) Each agency, in accordance with published rules, shall make available for public inspection and copying--
>
> (A) final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases;
>
> (B) those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register; and
>
> (C) administrative staff manuals and instructions to staff that affect a member of the public;

(D) copies of all records, regardless of form or format, ***which have been released to any person under paragraph (3)*** and which, because of the nature of their subject matter, the agency determines have become or are likely to become the subject of subsequent requests for substantially the same records; and

(E) a general index of the records referred to under subparagraph (D);

unless the materials are promptly published and copies offered for sale.

The I-92 Documents do not meet any of the criteria for subsections (A), (B), (C), or (E) above. With regard to subsection (D), paragraph (3) reads:

(3)(A) Except with respect to the records made available under paragraphs (1) and (2) of this subsection, each agency, ***upon request for records*** which (A) (i) reasonably describes such records and (B) (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person.

It is clear that 5 U.S.C. §552(a)(2)(D) is meant to apply only to those records which have previously <u>released upon request</u>. For the foregoing reasons, the ITA must release the I-94 and I-92 Documents to me under FOIA.

## REPRESENTATIVES OF THE NEWS MEDIA ARE ENTITLED TO WAIVED OR REDUCED FEES AND SELLING DOCUMENTS VIOLATES 5 U.S.C. §552(a)(4)(A)

If the ITA seeks to satisfy its FOIA requirements by making the materials for sale online, it must account for the reduced and/or waived fees applicable to representatives of the news media.

The fees that may be charged are limited to "reasonable standard charges for document search, duplication, and review" (5 U.S.C. §552(a)(4)(A)(ii)). According to the ITA's own website[4], news media representatives may be required to pay only "duplication costs... (after the first 100 pages)."

Furthermore, 5 U.S.C. §552(a)(4)(A)(iii) goes on to state:

> Documents shall be furnished ***without any charge*** or at a charge reduced below the fees established under clause (ii) if disclosure of the information is in the ***public interest*** because it is likely to contribute significantly to public understanding of the operations or activities of the government and is ***not primarily in the commercial interest of the requester***.

I have contacted the NTTO to request the I-94 and I-92 Documents with waived fees, and have had my requested denied by phone. There is nowhere on the online order form to identify myself as a representative of the news media, or to indicate that disclosure of the information is in the public interest.

I renew my request for a waiver of fees. I do not have a commercial interest in the records, and am a representative of the news media seeking information as part of news gathering. I am gathering information on the manner in which tourism and travel affect the US economy: a matter that is of current interest to the public.

If my request for a fee waiver is denied, I agree to pay reasonable duplication fees for the processing of this request. If you anticipate the fee will exceed $25.00, please contact me in advance of incurring the charges.

As I am making this request as a journalist and this information is of timely value, I would appreciate your expediting the consideration of my appeal in every way possible, including communicating with me by telephone or email, rather than by mail. In any case, I will expect to receive your decision within 20 business days, as required by statute.

Thank you for your consideration of this matter.

Sincerely,

David Yanofsky

---

[1] http://travel.trade.gov/research/
[2] http://travel.trade.gov/research/programs/i94/index.html
[3] http://travel.trade.gov/research/reports/i92/historical/index.html
[4] http://travel.trade.gov/research/

ATTACHMENT D

**UNITED STATES DEPARTMENT OF COMMERCE**
Office of the General Counsel
Washington, D.C. 20230

NOV 17 2015

David Yanofsky
613 Foothill Road
Beverly Hills, CA 90210

      Re: FOIA Appeal DOC-ITA-2015-001055

Dear Mr. Yanofsky:

This letter is in response to your Freedom of Information Act (FOIA) (5 U.S.C. § 552) appeal for documents withheld in response to your March 10, 2015 FOIA request to the International Trade Administration (ITA). Your request sought the "Air Arrivals I-94 Database Annual Datafile" from 2011 through 2014 and the associated technical documentation (I-94 records) and the "U.S. International Air Travel Statistics Report (APIS/1-92) Data files" from 2011 through 2014 and the associated technical documentation (I-92 records).

By letter dated June 24, 2015, ITA FOIA Officer Justin Guz informed you that ITA was withholding all responsive records, explaining that ITA does not maintain the I-94 records, and that the I-92 records are not available under the FOIA but, instead, are available for sale. After considering your arguments, your appeal is denied on an alternative basis.

At issue in this appeal are two sets of records, the I-94 records and the I-92 records. In your appeal, you correctly argue that the I-94 records are in fact "agency records" for FOIA purposes. You also correctly argue that the I-92 records cannot properly be withheld under 5 U.S.C. § 552(a)(2). Nevertheless, on appeal, both sets of ITA records are being withheld on under 5 U.S.C. § 552(a)(4)(A)(vi), which provides that FOIA fees are superseded by "fees chargeable under a statute specifically providing for setting the level of fees for particular types of records." This is referred to as the "displacement provision."

Under the displacement provision, where documents otherwise responsive to a FOIA request are maintained for distribution by an agency according to a fee schedule that is assessed pursuant to a "superseding fee statute," requesters must obtain the documents from that source and pay the applicable fees designated by the agency under that statute. *See* OMB Fee Guidelines, 52 Fed. Reg. at 10,012-13, 10,017-18. The relevant superseding fee statute in this case is 15 U.S.C. § 1525, which provides in relevant part:

> The Secretary of Commerce is authorized, upon the request of any person, firm, organization, or others, public or private, to make special studies on matters within the authority of the Department of Commerce; to prepare from its records special compilations, lists, bulletins, or reports; to perform the functions authorized by section 1152 of this title; and to furnish transcripts or copies of its studies, compilations, and other records; upon the payment of the actual or estimated cost of such special work.

2

Section 1525 "specifically provid[es] for setting the level of fees for particular types of records" and therefore qualifies as a FOIA displacement statute. 5 U.S.C. § 552(a)(4)(A)(vi). Additionally, Department of Commerce FOIA Regulations specifically recognize 15 U.S.C. § 1525 as a FOIA displacement statute. 15 C.F.R. § 4.3(c).

Both the I-94 and I-92 records you requested are compilations of data which the ITA has authority to assemble and provide to members of the private sector upon request and payment of the specified fees gathered in order to "support the cost of this program." *See* http://travel.trade.gov/research/index.html (explaining how to purchase the I-94 and I-92 records and outlining the required fees). As a result, these records are not available under the FOIA pursuant to the displacement provision.[1]

If you are interested in purchasing these records, please contact the National Travel and Tourism Office at (202) 482-0140 or at ntto@trade.gov.

This is the final decision of the Department of Commerce. You have the right to obtain judicial review of this denial as provided for in 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Benjamin Friedman
Assistant General Counsel
    for Litigation, Employment and Oversight

---

[1] Additionally, because no records are being released in response to this appeal, there is no need to address your request for a fee waiver.

# ATTACHMENT E

# QUARTZ

Marisa Johnson
Senior Counsel
The Atlantic Monthly Group, Inc.
600 New Hampshire Ave., NW
Washington, D.C. 20037
mjohnson@atlanticmedia.com

**December 14, 2015**

<u>By Mail</u>
Benjamin Friedman
Assistant General Counsel for Litigation, Employment and Oversight
US Department of Commerce
Office of the General Counsel
14th and Constitution Avenue, N.W.
Washington, D.C. 20230

**Re: Freedom of Information Act Appeal DOC-ITA-2015-001055**

Dear Mr. Friedman:

I write as counsel to The Atlantic Monthly Group, Inc. and its publication Quartz (qz.com) on behalf of David Yanofsky, a journalist employed by Quartz. This letter is in response to your letter dated November 17, 2015, which purports to provide a final decision on the FOIA appeal filed on July 2, 2015 by Mr. Yanofsky. Because your denial rests on "alternative basis" than the DOC's argument provided in the original denial letter, we further appeal this new line of reasoning, [1] as we had no opportunity to adequately respond. In the interest of fairness, we respectfully request that you exercise your discretion to re-open the appeal in order to allow us to present new arguments.

We are also requesting assistance from The Office of Government Information Services (OGIS) in the hope of expediting resolution on this matter. Enclosed please find a copy of my OGIS request, together with copies of all prior correspondence with your office on this matter.

Mr. Yanofsky's request for these records was submitted in his capacity as a journalist and representative of *Quartz*, a digital news publication. For the following reasons, we respectfully ask that you expedite review and approval of this appeal to produce the Office of Travel &Tourism Industries' "Air Arrivals I-94 Database Annual Datafile" from 2014, 2013, 2012, and 2011 and its associated technical documentation, as well as "U.S. International Air Travel Statistics Report (APIS/I-92) Data files" from 2014, 2013, 2012, and 2011 and its associated technical documentation, all in electronic format.

---

[1] Because we are in agreement that the I-94 records and I-92 records I have requested are indeed agency records which cannot be withheld under 5 U.S.C.§ 552(a)(2), this letter addresses only your reasoning for withholding them under 5 U.S.C. § 552(a)(4)(A)(vi).

*First*, the requested records – which reflect otherwise unavailable data about the travel of non-citizens who have entered and left the United States between 2011-2014 – are a matter of vital public interest.  Imposing exorbitant fees on receipt of these records runs counter to the basic purpose of FOIA, which is "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).  It also flatly ignores the principle that FOIA must "be liberally construed in favor of waivers for noncommercial requesters,'" *McClellan Ecological Seepage Situation v. Carlucci, 835 F.2d 1282, 1284 (9th Cir. 1987)* (quoting 132 Cong. Rec. S14298 (Sept. 30, 1986) (Sen. Leahy)), particularly representatives of news media, which are already given special status under FOIA.

Section 552(a)(4)(A)(vi)'s so-called "Displacement Provision" does not provide a basis for denying a fee waiver where the records are of significant public interest.[2]  Indeed, FOIA's fee waiver provision *requires* fee waivers to be granted in this very circumstance:

> Documents **shall be furnished without any charge** or at a charge reduced below the fees established under clause (ii) if disclosure of the information is in the public interest because it is likely to <u>contribute significantly to public understanding of the operations or activities of the government</u> and is not primarily in the commercial interest of the requester.

5 U.S.C. § 552(a)(4)(A)(vi) (emphasis added). The request at issue is for newsgathering and news dissemination, not for any commercial interest.  The data in the requested reports is of critical public interest, and could be used to provide critical understanding of the "operations and activities of the government," § 552(a)(4)(A)(vi), including by providing:

- insight into the data that policy makers are using to craft critical decisions including visa allocation and levels of infrastructure investment at ports and border crossings;
- the ability to test the strength of DOC's statistical calculations on travel to the United States, which policy makers rely on; and
- assessing the efficacy of the accounting apparatus of the ITA's Office of Travel and Tourism Industries.

At present there is no way to confirm official government statistics on travel calculated from this data set are done so in a responsible or sound manner. For example, the *New York Times* recently reported on Presidential candidate Donald Trump's call to ban Muslims from

---

[2] Section 552(a)(4)(A)(vi)'s displacement provision cannot reasonably be read to excuse agencies from FOIA's fee waiver requirements (as distinct from its fee-setting requirements). *See, e.g., Hilaire v. Dep't of Justice*, 1991 U.S. Dist. LEXIS 12724 (D.D.C. Sept. 10, 1991) (Clearly there is a question of statutory interpretation as to whether the exemption for a "statute specifically providing for setting the level of fees" under FOIA encompasses the "waiving" of fees as well). If 5 U.S.C. § 552(a)(4)(A)(vi) allowed agencies to refuse categorically to provide waivers in the public interest simply because they have made available information for a set fee, the fee waiver provisions of FOIA would be rendered ineffective entirely.

entering the United States.  *See* http://www.nytimes.com/politics/first-draft/2015/12/07/donald-trump-calls-for-banning-muslims-from-entering-u-s/.  The article strains to cite official and up-to-date sources of information on the topic of the day – immigration – relying instead on the word of experts, research organizations, and out-of-date data twice removed from its original source.  Surely FOIA was intended to make readily available accurate, comprehensive data that is so centrally in the public's interest.  See, e.g., *Eudey v. CIA*, 478 F. Supp. 1175, 1176 (D.D.C. 1979) ("(an) agency's decision not to waive fees is arbitrary and capricious when there is nothing in the agency's refusal of a fee waiver which indicates that furnishing the information requested cannot be considered as primarily benefiting the general public.").

*Second*, contrary to the DOC's position in its denial letter, 15 U.S.C. § 1525 does not constitute a superseding fee statute as defined by the Displacement Provision.  Section § 1525 merely provides that the Secretary of Commerce "*is authorized* . . . to prepare from its records special compilations, lists, bulletins or reports; . . . and to furnish transcripts or copies of its studies, compilations, and other records; upon the payment of actual or estimated cost of such special work." (emphasis added).  But the Displacement Provision only applies in the event that a statute "require[s], not merely permit[s], an agency to establish fees for particular documents." *EPIC v. U. S. Forest Service*, 432 F.3d 945, 948 (9th Cir. 2005); *see also* § 552(a)(4)(A)(vi)("Nothing in this subparagraph shall supersede fees chargeable under a statute *specifically providing for setting the level of fees for particular types of records*" (emphasis added)).  Where, as here, a statute simply authorizes an agency to charge fees, it does not constitute a superseding fee provision and cannot serve as a basis for imposing exorbitant fees on a FOIA applicant.

*Finally*, the $136,210.00 fees demanded for the requested records bear no relationship to the "actual or estimated costs" of making them available in electronic format.  Section 1525 permits the agency to charge "actual or estimated cost of such special work."  The data at issue here is gathered by Department of Homeland Security in the regular course of its work and is provided to ITA, which then compiles it in a database.  It beggars belief that cost to make available this electronic data – which has already been collected and stored – could reasonably near the fees proposed.  If the DOC will not concede this point, our next request will be for a complete accounting of the actual costs of making these records available electronically.

For the reasons discussed above, I respectfully ask that you expedite review and approval of this appeal to produce the requested records in electronic form without charge.

Sincerely,

Marisa Johnson

Enc.
cc:     David Yanofksy
        FOIAAppeals@doc.gov
        ogis@nara.gov

# ATTACHMENT F



**UNITED STATES DEPARTMENT OF COMMERCE**
Office of the General Counsel
Washington, D.C. 20230

DEC 28 2015

Marisa Johnson
600 New Hampshire Ave, NW
Washington, DC 20037

      Re: FOIA Appeal DOC-ITA-2015-001055

Dear Ms. Johnson:

This letter responds to your December 14, 2015 request for further review by the Department of Commerce of your client's (David Yanofsky) Freedom of Information Act (FOIA) (5 U.S.C. § 552) appeal for documents withheld in response to his March 10, 2015 FOIA request to the International Trade Administration (ITA). That request sought the "Air Arrivals I-94 Database Annual Datafile" from 2011 through 2014 and the associated technical documentation (I-94 records) and the "U.S. International Air Travel Statistics Report (APIS/1-92) Data files" from 2011 through 2014 and the associated technical documentation (I-92 records).

By letter on November 17, 2015, in accordance with Department Regulations, your client was informed that his FOIA appeal was denied and was provided with an explanation of the basis for that denial. 15 C.F.R. § 4.10(f). The letter also informed Mr. Yanofsky that that letter was the final determination of the Department of Commerce and notified him of his right to seek judicial review of the denial as provided for in 5 U.S.C. § 552(a)(4)(B).

The fact that Mr. Yanofsky's appeal was denied under a basis different than that asserted by ITA does not confer upon him any entitlement to a new appeal. Pursuant to 5 U.S.C. § 552(a)(4)(B), the standard for judicial review under the FOIA is *de novo*. Under this standard, an agency may assert new bases for withholding records through its administrative appeal process and its dispositive motion in District Court. As stated in the Department's November 17, 2015 letter to Mr. Yanofsky, the denial of his appeal represents the agency's final administrative action on the matter.

      Sincerely,

      Benjamin Friedman
      Assistant General Counsel
       for Litigation, Employment and Oversight

cc: David Yanofsky